# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **NO. CR 05-0734 RB** |
| ) | |
| **JOHNNY JOE CROWLEY,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant's (Crowley's) Motion for Return of Property, filed on May 10, 2005. The Government filed a response in opposition to this motion. Counsel have agreed and I find that a hearing on this motion is unnecessary. Having considered the submissions and being otherwise fully advised, I find that this motion should be denied.

On September 15, 2004, Crowley was arrested in Artesia, New Mexico by officers of the Chaves County Metro Narcotic Task Force, Pecos Valley Drug Task Force, and the Chaves County Sheriff's Office. The Government alleges that Crowley attempted to purchase more than 500 grams of a substance that he believed to be methamphetamine. Crowley was originally charged in state court with attempted possession with the intent to distribute methamphetamine. Crowley remained in state custody, facing state charges, until December 2004 when federal charges were filed against him.

Crowley requests return of funds seized after his arrest that were not related to the alleged attempt to purchase methamphetamine. The Government states that state agents seized (1) $1,950 that Crowley allegedly tendered to officers to purchase what he believed to be methamphetamine; (2)

$160 found in Crowley's wallet when he was arrested; and (3) $396 found in Crowley's vehicle pursuant to a search warrant.  The Government stated in its response that the currency at issue is not in federal custody and will not be used at trial.  Crowley has not contested these representations of the Government.

FED. R. CRIM. P. 41(g) allows for return of seized property.  However, a Rule 41(g) motion "is an equitable remedy available only to a defendant who can show irreparable harm and an inadequate remedy at law." *United States v. Akers*, 215 F.3d 1089, 1106 (10th Cir. 2000).  If the defendant "has state avenues of relief open to him, he cannot show an inadequate remedy at law." *Clymore v. United States*, 164 F.3d 569, 571 (10th Cir. 1999).

The property in question was seized by state authorities.  In this instance, Rule 41 relief is available only if (1) federal authorities actually possess the property that the State first seized and then released to federal authorities; (2) federal authorities constructively possess the property that "was considered evidence in the federal prosecution;" or (3) state officials acted upon directions from federal officials in seizing the property.  *Clymore v. United States*, 164 F.3d at 571.  Crowley has made no showing with respect to any of the *Clymore* factors.  Moreover, because state procedures to obtain return of the property may be available, Crowley has not shown an inadequate remedy at law.  The motion for return of property will be denied.

**IT IS SO ORDERED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**